593 F.2d 354
 Calvin DeSHIELDS, Appellant,
v.
UNITED STATES PAROLE COMMISSION, Dr. Vincent, Northcentral
Regional Commissioner, Messrs. Grinner, Wright,
O'Connor and Sartorious, U. S. Parole
Examiners, Appellees.
 No. 78-1747.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 28, 1979.
Decided March 6, 1979.
 
 Calvin DeShields, pro se.
 Andrew W. Danielson, U. S. Atty., Ann D. Montgomery, Asst. U. S. Atty., and Paul C. Engh, Legal Intern, Minneapolis, Minn., for appellees.
 Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Calvin DeShields appeals from the dismissal of his civil rights suit by the district court[1] on August 17, 1978. From an examination of plaintiff's original complaint and his one-page appellate brief filed January 8, 1979, it appears that he is arguing that he did not receive meaningful parole consideration as is required by 18 U.S.C. § 4208.[2] He named as defendants the United States Parole Commission, the Northcentral Regional Parole Commissioner, and four United States Parole Examiners. Plaintiff sought: (1) a declaratory judgment that his constitutional rights had been violated; (2) $210,000 in compensatory damages from defendants collectively in their official capacities, $5,000 from each defendant in his personal capacity, and an additional $50 per day since March 8, 1978, in compensatory damages; and (3) a preliminary and permanent injunction preventing his transfer to another institution pending termination of the lawsuit. We affirm the district court.
 
 
 2
 On January 10, 1978, plaintiff appeared before two of the defendant parole examiners. At that time his hearing was continued because of a lack of sufficient information in the file. On March 8, 1978, plaintiff was recalled for the initial parole hearing before the other two defendant parole examiners. After interviewing the plaintiff and considering information in the presentence report dated June 1, 1976, a letter from a probation officer dated January 13, 1978, and institutional progress reports, the examiners refused to recommend parole. The magistrate found that while continuation from January 10 to March 8 of plaintiff's initial parole hearing resulted in a technical failure of the board to comply with the 18 U.S.C. § 4208(a) provision that "Whenever feasible, the initial parole determination proceeding for a prisoner eligible for parole * * * shall be held not later than thirty days before the date of such eligibility for parole," the wording creates neither a constitutional nor a statutory right.[3]
 
 
 3
 This court has held that when a prisoner has not been afforded a timely hearing the proper course is for the federal courts to order that a hearing be afforded the prisoner at the earliest possible date. Burton v. Ciccone, 484 F.2d 1322, 1323 (8th Cir. 1973). See also Billiteri v. United States Bd. of Parole, 541 F.2d 938, 941 (2d Cir. 1976); Garafola v. Benson, 505 F.2d 1212, 1219-20 (7th Cir.1974). In any event, aside from the request for money damages, this issue is moot since on plaintiff's administrative appeal from the denial of parole the decision of the parole examiners was reversed and plaintiff was ordered to be released on parole effective January 26, 1979.
 
 
 4
 This court has not decided whether parole board members have quasijudicial immunity and are immune from suit or enjoy only qualified immunity. Kelsey v. State of Minnesota, 565 F.2d 503, 507 n.4 (8th Cir. 1977). We have held that prison officials are entitled to the good faith immunity from monetary liability outlined in Wood v. Strickland, 420 U.S. 308, 316-22, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Ervin v. Ciccone, 557 F.2d 1260, 1262 (8th Cir. 1977). We see no reason why, as a minimum, the same immunity should not apply to parole examiners in exercise of their official duties.[4] Since the instant plaintiff has failed to allege ill will, malice, discrimination, or other improper reasons for the actions of the parole examiners, a finding of monetary liability is precluded.
 
 
 5
 As to the Parole Commission and the regional commissioner, there can be no actionable cause of action upon a theory of derivative liability. The doctrine of respondeat superior is inapplicable in actions based upon allegations of civil rights violations. Sebastian v. United States, 531 F.2d 900, 904 (8th Cir. 1976); Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1971). See also Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978). When monetary damages are sought, the general doctrine of respondeat superior does not suffice. A showing of some personal responsibility on the part of the defendants is required. Brown v. United States, 486 F.2d 284 (8th Cir. 1973). No such allegation was made in this case. Therefore, the district court properly dismissed the claim for monetary damages against the Parole Commission and the regional commissioner.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Honorable Miles W. Lord, United States District Judge for the District of Minnesota. The court entered an order based on the report and recommendation of the United States Magistrate
 
 
 [2]
 Plaintiff, who was a police officer at the time he committed the offense, does not challenge his conviction of conspiring to distribute heroin in violation of 21 U.S.C. §§ 841 and 846. On June 25, 1976, plaintiff was sentenced to five years imprisonment. Plaintiff was incarcerated in Sandstone, Minnesota, at the time he filed this suit on March 16, 1978, but subsequently was transferred to Lexington, Kentucky
 
 
 [3]
 According to the guidelines, an initial hearing should have been held before February 23, 1978
 
 
 [4]
 The fact that this is a claim, not under 42 U.S.C. § 1983, but for violations of constitutional rights does not affect the application of the good faith defense. Bivens v. Six Unknown Unnamed Agents of the Federal Bureau of Narcotics, 456 F.2d 1339, 1347-48 (2d Cir. 1972); Ervin v. Ciccone, 557 F.2d 1260 (8th Cir. 1977)