Dr. Earl EVANS, Appellee,

v.

W.H. "Sonny" DILLAHUNTY and William E. Amos, in their official capacities, Appellants.

No. 82-2362.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1983.

Decided June 30, 1983.

George W. Proctor, U.S. Atty. by Kenneth F. Stoll, First Asst. U.S. Atty., Little Rock, Ark., for appellants.

Richard Quiggle, Little Rock, Ark., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

BRIGHT, Circuit Judge.

W.H. Dillahunty, formerly the United States Attorney for the Eastern District of Arkansas, and William E. Amos, Regional Commissioner of the United States Parole Commission, appeal from the district court's denial of their motion for summary judgment, contending they are immune from suit. We agree with the respective contentions of appellants and, therefore, reverse the district court's decision and remand the cause with directions to grant defendants' motion for summary judgment.

## I. Background.

Dr. Earl Evans, a former federal prisoner, brought suit against Dillahunty and Amos alleging they violated his fifth amendment rights and slandered him. Specifically, Evans contended that in the course of reviewing a parole panel's recommendation to grant him parole, Amos contacted Dillahunty regarding the authenticity of a letter in Evans' file from Arkansas Governor Bob Riley supporting Evans' early release. Dillahunty inaccurately advised Amos that Riley had never been the Governor of Arkansas, and that Riley had died prior to the date on the letter. In fact, Riley served as Governor of Arkansas from January 3, 1975 to January 14, 1975, and is still alive.

Evans brought suit against Dillahunty and Amos for damages. Evans contended that Dillahunty's erroneous statements about Riley caused Amos to reject the parole panel's recommendation and resulted in Evans spending four extra months in prison. Evans also alleged that Dillahunty caused an FBI investigation to be launched into the letter's authenticity.

The district court dismissed Evans' suit for failure to state a claim, but this court reversed and remanded for further proceedings. *Evans v. Dillahunty*, 662 F.2d 522 (8th Cir.1981). On remand, Dillahunty and Amos moved for summary judgment contending they are immune from suit. Following the district court's denial of the motion for summary judgment, the defendants brought an immediate appeal.

## II. Discussion.

### A. Appealability.

At the outset, we must determine whether we have jurisdiction over this interlocutory appeal. All of the parties contend the district court's order is appealable under the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). We agree.

This court enumerated the three factors upon which the application of the collateral order doctrine rests in *In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64 (8th Cir.1976):

(1) the order must be a final determination of a claim of right "separable from, and collateral to," rights asserted in the action; (2) it must be "too important to be denied review," in a sense that it "presents a serious and unsettled question"; (3) its review cannot, in the nature of the question that it presents, await

final judgment because "when that time comes, it will be too late effectively to review the ... order and rights conferred ... will have been lost, probably irreparably." [*Id.* at 67, *quoting* 9 J. Moore *Federal Practice* ¶ 110.10, at 133 (2d Ed.1975) (Footnote omitted).]

Recently, the Supreme Court has held that under these criteria, an order denying absolute immunity is appealable. *Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982). In the wake of *Nixon* and its companion case, *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the District of Columbia Circuit has extended the Supreme Court's holding to include denials of qualified or good faith immunity, reasoning that "appellate review of a denial of a motion for summary disposition must be available to ensure that Government officials are fully protected against unnecessary trials under qualified immunity on the same basis as for absolute immunity." *McSurley v. McClellan,* 697 F.2d 309, 316 (D.C.Cir.1982).

■ We do not believe the Supreme Court's holdings in *Nixon* and *Harlow* require us to adopt as broad a rule as did the District of Columbia Circuit in *McSurley.* In the absence of a clear mandate, we continue to recognize the importance of avoiding piecemeal appeals where possible. Moreover, we agree with the long-established principle that courts should take a practical, rather than a technical approach, to determine whether a case falls within the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp., supra,* 337 U.S. at 546, 69 S.Ct. at 1225. Accordingly, we hold that motions for summary judgment and motions to dismiss that are premised on absolute or qualified immunity are immediately appealable in cases that meet the following criteria: 1) The essential facts are not in dispute (this criterion may be satisfied if the trial court makes specific findings of fact, or if the parties stipulate to the relevant facts); and 2) the determination of whether the government official is entitled to immunity is solely a question of law.[1]

■ Although the district court did not provide detailed findings of fact in the instant case, the relevant facts are undisputed. These undisputed facts demonstrate that as a matter of law, both defendants were entitled to summary judgment based on their immunity claims. Accordingly, we conclude that we have jurisdiction over this appeal.

B. *Immunity.*

1. *Amos.*

■ The Supreme Court has not considered the question of immunity for parole officials. In *DeShields v. United States Parole Board Commission,* 593 F.2d 354, 356 (8th Cir.1979) (per curiam), this court stated that, at a minimum, parole board officials are entitled to qualified immunity. The *DeShields* decision left open the question of whether parole board officials are entitled to absolute immunity. Other circuits, however, have held that parole officials should be accorded absolute immunity for performing official duties. *See, e.g., United States v. Irving,* 684 F.2d 494 (7th Cir.1982); *Sellars v. Procunier,* 641 F.2d 1295 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *Pope v. Chew,* 521 F.2d 400 (4th Cir.1975); *Pate v. Alabama Board of Pardons and Paroles,* 409 F.Supp. 478 (M.D.Ala.1976), *affirmed without opinion,* 548 F.2d 354 (5th Cir.1977). We agree.

In *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Supreme Court stated that in determining the type of immunity to be accorded to a particular official, courts should compare the official's functions with those of judges. *Id.* at 512–17, 98 S.Ct. at 2913–16. For example, the Court reasoned, "[t]here can be little doubt that the role of the modern federal hearing examiner or administrative law judge within this framework is 'functionally comparable' to that of a judge." *Id.* at 513, 98 S.Ct. at 2914. Accordingly, the Court held these individuals were entitled

---

1. Even when litigants cannot meet this test, they may still seek discretionary interlocutory review in an appropriate case under 28 U.S.C. § 1292(b).

to absolute immunity from damages liability for their judicial acts. *Id.* at 514, 98 S.Ct. at 2914. Similarly, parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges. In the case at bar, Amos acted within the scope of his official duties in reviewing the parole panel's recommendation. Amos, therefore, is entitled to absolute immunity.

### C. *Dillahunty.*

Courts have long recognized that prosecutors are absolutely immune from a suit for damages if the alleged violation occurred in the performance of activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). *See also Yaselli v. Goff,* 12 F.2d 396 (2d Cir.1926), *affirmed without opinion,* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927). Evans contends that Dillahunty's activities were investigative, not judicial, and that Dillahunty is therefore entitled, at most, only to qualified immunity.

We need not determine whether Dillahunty's activities fall within the sphere of a prosecutor's activities to which we accord absolute immunity. We conclude that Dillahunty is entitled, at least, to a defense of qualified good faith immunity and that Dillahunty's assertion of good faith immunity is sufficient to defeat Evans' claims. As the Supreme Court held in *Harlow,* "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald, supra,* 102 S.Ct. at 2738. Moreover, "[r]eliance on the objective reasonableness of an official's conduct, as measured by references to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Id.* 102 S.Ct. at 2739.

In the case at bar there is no evidence that Dillahunty acted maliciously or even recklessly. As Judge Arnold observed in this court's earlier opinion, "whatever misstatements were made were promptly corrected." *Evans v. Dillahunty, supra,* 662 F.2d at 527. Dillahunty neither knew nor should have known that his actions might violate Evans' constitutional rights. Accordingly, we believe Dillahunty's good faith immunity as established by undisputed evidence serves to defeat Evans' claims.

### III. *Conclusion.*

Because we hold that Amos is entitled to absolute immunity and that Dillahunty is entitled, at least, to good faith immunity, we reverse the judgment of the district court and remand with directions to grant defendants' motion for summary judgment and dismiss the appeal.