Linda A. NELSON, Paul R. Nelson, Evelyn Philbert, Laura Moore, and Charles Moore, Appellants,

v.

Denise BALAZIC, Dick Moore, and Bill Duncan, Appellees.

No. 85–2423.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1986.

Decided Oct. 10, 1986.

Bradley H. Lockenvitz, Linn, Mo., for appellants.

Kelly Mescher, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Plaintiffs appeal from the district court's [1] order granting defendants' Denise Balazic, Dick Moore, and Bill Duncan motion for judgment on the pleadings in this 42 U.S.C. § 1983 case. The district court held that the pleadings failed to state a cause of action under 42 U.S.C. § 1983 and that defendants were entitled to absolute immunity. For the reasons stated below we affirm the dismissal on the issue of immunity without addressing whether the pleadings state a cause of action.

## I. BACKGROUND

The factual situation is egregious and compels sympathy for the plaintiffs, innocent victims of a criminal spree by one Emmett Nave, a parolee. On November 19, 1983 Linda Nelson, Evelyn Philbert, and Laura Moore were kidnapped and sexually assaulted by Nave.[2] Plaintiffs [3] base their claim on the role they allege defendants played in this incident. At all relevant times defendants Moore and Duncan were members of the Missouri Board of Probation and Parole and defendant Balazic was a parole officer. One of Balazic's responsibilities was supervising parolee Emmett Nave, whom the board had paroled on March 14, 1983. Nave was referred to an alcohol and drug treatment program at Charles E. Still Hospital in Jefferson City, Missouri where Linda Nelson, Evelyn Philbert, and Laura Moore were employed.

---

1. The Honorable Scott O. Wright, United States Chief District Judge for the Western District of Missouri.

2. Emmett Nave is not a party to this suit.

3. Also joining as plaintiffs were Paul Nelson and Charles Moore, claiming loss of consortium.

On November 17, 1983 Nave pleaded guilty to driving while intoxicated, a parole violation. The following day Nave met with Balazic who told him that because of the parole violation he was to be sent back to prison. Balazic also told Nave that she had heard from Linda Nelson that Nave was not cooperating in the drug and alcohol program. Plaintiffs allege that at this point Nave stated that if he went back to prison he would take Balazic and Nelson with him.[4]

On November 19, 1983 Nave went to the hospital, kidnapped plaintiffs, and transported them to a mobile home where he raped and sodomized them. Plaintiffs filed a fifty-seven page, fourteen count complaint alleging that defendants deprived them of their constitutional rights by (1) paroling Emmett Nave and (2) not placing him in custody immediately upon learning of his parole violation. The district court granted defendants' motion for judgment on the pleadings.

## II. DISCUSSION

### A. Parole Board Members

■ Plaintiffs contend that the district court erred in holding defendants Moore and Duncan absolutely immune from suit based on their decision to parole Nave on March 14, 1983. Although the United States Supreme Court expressly left this issue unanswered in *Martinez v. California*, 444 U.S. 277, 285 n. 11, 100 S.Ct. 553 n. 11, 62 L.Ed.2d 481 (1979), this circuit has held that parole board members are cloaked with absolute immunity. In *Evans v. Dillahunty*, 711 F.2d 828 (8th Cir.1983) this court held that since parole officials perform functions comparable to those of judges they are entitled to absolute immunity in "deciding to grant, deny, or revoke parole." *Id.* at 831. In *Gale v. Moore*, 763 F.2d 341 (8th Cir.1985) we found that members of the Missouri Board of Probation and Parole were absolutely immune from suit in carrying out their official duties in considering and deciding parole matters. *Gale* involved a decision denying parole.

Plaintiffs argue that the present case can be distinguished on the basis of the status of the claimant. If the claimant is an inmate or parolee *Evans* should apply (Brief for Appellants at 21–22), but if innocent third parties are bringing the suit then absolute immunity should not apply. While the plaintiffs' case does present a factual difference from *Evans* and *Gale*, it does fall within the factual confines of *Martinez* and we think the same reasoning would be applicable.

Whether an official is cloaked with absolute or qualified immunity depends on the function performed by the official. In *Butz v. Economou*, 438 U.S. 478, 511, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978) the Court stated that "judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." *Id.* Using a functional approach the Supreme Court has found that judicial, prosecutorial, and legislative functions require absolute immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1981). Thus the extent of immunity accorded an official depends solely on the official's function. Whether claimant is an inmate appealing denial of parole or a victim of a parolee's criminal actions is irrelevant. Since Duncan and Moore performed a quasi-judicial function when they paroled Nave, they are entitled to absolute immunity.

### B. Parole Officer

■ Plaintiffs also appeal the district court's dismissal of their claim against Parole Officer Balazic. The crux of their claim is that 42 U.S.C. § 1983 was violated when Balazic failed to immediately place Nave in custody upon learning that he had violated parole and had made threats against Linda Nelson. The district court, relying on *Evans v. Dillahunty, supra*, held that Balazic was entitled to absolute immunity. After analyzing the function of Parole Officer Balazic, we conclude that she was only entitled to qualified immunity.

---

4. The alleged threats to Balazic were neither pleaded by plaintiffs nor raised in their response to defendants' motion for judgment on the pleadings. They were, however, added in an affidavit in the appendix to plaintiffs' brief. Since we decide this case on the issue of immunity, we need not address whether the threats are properly before this court.

The United States Supreme Court has stated that qualified immunity is the general rule in cases involving constitutional violations by government officials. Only in those "exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business" will absolute immunity be accorded. *Butz v. Economou,* 438 U.S. at 507, 98 S.Ct. at 2911. In *Evans v. Dillahunty* this court found that parole board members when deciding whether to grant, deny, or revoke parole are performing functions sufficiently comparable to those of judges to warrant absolute immunity. 711 F.2d at 831.

However, in *Ray v. Pickett,* 734 F.2d 370 (8th Cir.1984) we held that a parole officer was only entitled to qualified immunity for the role he played in the parole revocation process because the officer's function was not "so intimately associated with the judicial process that it entitle[d] [him] to an absolute immunity." *Id.* at 373. *See also Galvan v. Garmon,* 710 F.2d 214 (5th Cir. 1983), *cert. denied,* 466 U.S. 949, 104 S.Ct. 2150, 80 L.Ed.2d 536 (1984). In *Ray* the probation officer allegedly falsified a report to the United States Parole Commission to secure a parole violator's warrant. We found that a probation officer does not perform an adjudicatory function when filing this report. This is precisely what distinguishes *Ray* from *Evans.* While the decision whether to grant parole is closely akin to that made by a judge, writing a parole report bears little resemblance to a judicial function. Likewise, Balazic's decision not to take Nave immediately into custody was not a quasi-judicial function. Nor was it a prosecutorial decision. Balazic's role in the parole revocation proceeding is not sufficiently analogous to the role of a prosecutor in initiating criminal proceedings to warrant absolute immunity. *See Butz v. Economou,* 438 U.S. at 515, 98 S.Ct. at 2915; *Ray v. Pickett,* 734 F.2d at 374. Under Missouri law the decision whether to revoke parole is made by the parole board. The parole officer merely submits a report detailing how the parolee has violated his parole. Mo.Rev.Stat. § 217.720 (Supp.1984). The statute also allows the officer to arrest a parolee who the officer believes has violated a condition of parole. *Id.* In this regard the parole officer performs a function closely analogous to that of a police officer when determining whether probable cause exists to make an arrest. Since Balazic's actions were functionally equivalent to those of a police officer she is only entitled to qualified immunity. *See Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967); *Schlothauer v. Robinson,* 757 F.2d 196, 197 (8th Cir.1985).

■ Having held that Balazic is only entitled to qualified immunity we must now determine whether her conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). We believe that it did not. While plaintiffs may have a remedy in state court for negligent failure to warn, they have not suffered a violation of their constitutional rights. "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman,* 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez v. California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1979). Further, "judicial review of a parole officer's decisions 'would inevitably inhibit the exercise of discretion,' *United States ex rel. Miller v. Twomey,* 479 F.2d 701, 721 (CA 7 1973), *cert. denied,* 414 U.S. 1146 [94 S.Ct. 900, 39 L.Ed.2d 102]," *id.* 444 U.S. at 283, 100 S.Ct. at 558; and though the release of Nave from the prison was action by the State, the action of Nave later "cannot be fairly characterized as state action." *Id.* at 285, 100 S.Ct. at 559.

Even assuming arguendo that a constitutional right was violated, and we specifically do not address this issue, Balazic should be immune because such right was not clearly established at that time. *See Martinez.* Accordingly, Balazic is immune from suit.

## III. CONCLUSION

Because we hold Moore and Duncan are entitled to absolute immunity and Balazic is entitled to qualified immunity, we affirm the district court's judgment on the pleadings.