815 F.2d 81
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman Quincy WRIGHT, Plaintiff-Appellant,
v.
Robin ROCKETT and Stephen Betts, Defendants-Appellees.
 No. 86-5307.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before MARTIN, NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this action pursuant to 42 U.S.C. Sec. 1983 alleging violations of his due process rights by a hearing officer and a parole officer in parole revocation hearings. The court dismissed the defendants upon their motion and this appeal followed.
 
 
 3
 An examination of the record indicates that defendant Rockett in his official capacity as a hearing officer acted in a capacity functionally comparable to a judge. Thus, defendant is absolutely immune from Section 1983 liability and was properly dismissed from plaintiff's action. Butz v. Economou, 438 U.S. 478, 509 (1978); Trotter v. Klincar, 748 F.2d 1177, 1182 (7th Cir.1984); Sellars v. Procunier, 641 F.2d 1295, 1299 (9th Cir.1981).
 
 
 4
 Defendant Betts as a parole officer acted in a capacity functionally comparable to a police officer and therefore was entitled to qualified immunity. See Nelson v. Balazic, 802 F.2d 1077, 1079 (8th Cir.1986); Galvan v. Garmon, 710 F.2d 214 (5th Cir.1983), cert. denied, 466 U.S. 949 (1984). Although plaintiff failed clearly to allege specific acts of defendant Betts, the complaint implies that defendant Betts prepared and presented evidence of plaintiff's parole violation to the hearing officer. Those allegations do not state a clear violation of the plaintiff's constitutional rights and therefore defendant Betts was properly dismissed from this action based upon his qualified immunity.
 
 
 5
 Accordingly, it is ORDERED that the district court judgment be affirmed.