**Robert Nathaniel OLDS, Plaintiff,**

v.

**James HOGG, et al., Defendants.**

No. N 91–0044 C.

United States District Court,
E.D. Missouri, N.D.

Oct. 15, 1991.

Robert Nathaniel Olds, pro se.

Michael Pritchett, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This matter is before the court on defendants' motion to dismiss. Plaintiff, a Missouri inmate, was convicted in 1979 of first-degree murder, rape and kidnapping for which he was sentenced to life imprisonment to be followed by sixty years imprisonment. In this action for damages brought under 42 U.S.C. § 1983, plaintiff claims that two parole officers violated his eighth and fourteenth amendment rights by making certain false statements in his March 1990 parole prehearing report. The challenged statements (which appear in the copy of the report attached to the complaint) are that plaintiff had received a conduct violation for disobeying an order, that plaintiff denied responsibility for the offenses of conviction, that there were no "ascertainable assets" in the case, and that plaintiff was a dangerous offender. Plaintiff asserts that the conduct violation had been expunged, that his maintaining innocence should have no effect on his parole suitability, and that the last two statements were false. He further asserts that as a result of these statements the Parole Board denied him a 1995 release date.

Defendants moved to dismiss on the grounds that: (1) plaintiff did not list on the form complaint all his prior law suits,

and (2) defendants were immune from suit. The magistrate recommended denying defendants' motion. The Court adopts the magistrate's conclusion that the first ground does not warrant dismissal in light of plaintiff's subsequent pleading in which he lists all prior law suits.

The Court, however, concludes that this action is subject to dismissal for failure to state a claim. The Court believes that a state parole officer is entitled to absolute immunity from section 1983 damages liability for his conduct in preparing a report for the parole board on an inmate's suitability for parole. The Eighth Circuit Court of Appeals has not had the opportunity to rule on this specific question, nor has this Court found any other circuit court opinion on the matter.

The Court finds the analysis in *Chitty v. Walton*, 680 F.Supp. 683 (D.Vt.1987), on this precise issue persuasive. Members of a parole board are entitled to absolute immunity for their parole decisions because making such decisions is a quasi-judicial function. *Evans v. Dillahunty*, 711 F.2d 828, 830–31 (8th Cir.1983). This Court concludes, as did the court in *Chitty*, that a parole officer's function in preparing a parole report and recommendation for the parole board on an inmate's suitability for parole is a sufficiently adjudicatory function to entitle the officer to absolute immunity for performance of that function. *Cf. Demoran v. Witt*, 781 F.2d 155, 157–58 (9th Cir.1986) (probation officer entitled to absolute immunity for preparation of presentence report even where plaintiff alleges officer deliberately falsified report). *But see LaFrance v. Rampone*, 678 F.Supp. 72 (D.Vt.1988) (declining to follow *Chitty*).

The Supreme Court has recently re-emphasized that an official's function, rather than an official's title, will determine the appropriateness of absolute immunity. *Burns v. Reed*, —— U.S. ——, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (state prosecutor entitled to absolute immunity for participating in probable cause hearing, but to only qualified immunity for giving legal advice to police). This Court believes that *Chitty* draws a valid distinction between defendants' adjudicatory function in this case, and a parole officer's investigative function in filing a report to secure a parole violator's warrant is valid, thereby distinguishing this case from *Ray v. Pickett*, 734 F.2d 370 (8th Cir.1984) (parole officer entitled only to qualified immunity for filing allegedly false report to secure parole violator's warrant). Similarly, *Nelson v. Balazic*, 802 F.2d 1077 (8th Cir.1986) (parole officer entitled to only qualified immunity for not arresting parolee who violated parole and who later raped plaintiff; parole officer's function of arresting parolees who violate parole analogous to police officer's function), is distinguishable.

Even if this case is not subject to dismissal on the basis of defendants' absolute immunity, the Court concludes that the specific statements challenged by plaintiff cannot form the basis of a section 1983 action as a matter of law. The first statement, that plaintiff received a certain disciplinary action, appears in the context of plaintiff having made a good institutional adjustment despite having received this one action some years earlier. Thus, even if the disciplinary action had been expunged prior to the date of the prehearing report, any possible adverse affect which the reference to it may have had on the parole board is too tenuous to support a section 1983 claim.

Plaintiff does not challenge the accuracy of the statement regarding his failure to accept responsibility; his argument is rather that it is irrelevant to the parole board's decision. As such, his argument is with the parole board, not defendants. The remaining statements were expressions of defendants' subjective evaluation of plaintiff's suitability for parole at the time of the report.

Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.