_____

No. 95-2749EM
_____

Donald C. Anton,                          *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *
                                          *
Carol Pavilack Getty, U.S.                *
Parole Commissioner; Carol                *
Muller, a Hearing Examiner for            *
the U.S. Parole Commission,               *   On Appeal from the United
North Central Region; Jeffrey             *   States District Court
S. Kostbar, Chief Analyst for             *   for the Eastern District
U.S. Parole Commission National *             of Missouri.
Office; Jerome F. Lawrenz,                 *
Chief Probation Officer, U.S.             *
Probation Office, Eastern                 *
District of Missouri; Kenneth             *
S. Woddail, Senior Probation              *
Officer, U.S. Probation Office, *
Eastern District of Missouri,             *
                                          *
          Appellees.                      *

                    _____

          Submitted:  January 10, 1996

             Filed:  March 12, 1996
                    _____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN, Circuit Judge, and JONES,*
     District Judge.
                    _____

_____

     *The Hon. John Bailey Jones, United States District Judge for
the District of South Dakota, sitting by designation.

RICHARD S. ARNOLD, Chief Judge.

Donald Anton filed this action against a United States Parole Commissioner and a number of parole and probation officers, claiming that they violated his constitutional rights by causing his parole to be delayed. The District Court[1] granted the defendants' motion for summary judgment and denied Anton's motion to add claims against three Bureau of Prison employees. We affirm.

I.

On December 15, 1989, the United States Parole Commission informed Donald Anton, who was then serving a six-year prison term for conspiracy to commit mail fraud, extortion, and obstruction of justice, that his presumptive parole date was September 24, 1991. The Parole Commission conditioned Anton's tentative release date "upon [his] development of a suitable release plan."

In July of 1991, Anton suggested to Judy Holt, a probation officer, that he would like to work for Vandalia Bus Lines upon his release. Holt told Mickal Laird, an employee of the Bureau of Prisons who was Anton's case manager, that Anton's plan was unacceptable because the owner of Vandalia Bus Lines had a criminal record. Laird discussed Anton's release plan with Carol Wilson Muller, a Hearing Examiner with the United States Parole Commission, who agreed with Holt's conclusion and told Anton that he could not work for Vandalia Bus Lines.

On August 25, Anton submitted a release plan indicating that he would work for Robert Baine, Esq., as a part-time paralegal and would live with his mother in St. Louis. Laird requested an

---

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri, adopting the recommendation of the Honorable Catherine D. Perry, then a United States Magistrate Judge, now a United States District Judge.

investigation of Anton's release plan.  Kenneth Woddail, a probation officer, responded to Laird that Anton's plan was unacceptable because it did not call for Anton to be housed in a Community Corrections Center before his release.  Laird notified Muller of Woddail's conclusion and suggested that Anton's release be delayed for 90 days so that Anton could be placed in a Community Corrections Center.

On September 9, Parole Commissioner Carol Pavilack Getty, acting on the recommendation of Muller, rescheduled Anton's release date to December 23, 1991, "with placement in a Community Corrections Center up to 120 days."  Anton attempted to appeal Getty's decision, but Jeffrey Kostbar, Chief Analyst for the Parole Commission's National Appeals Board, informed Anton that Getty's decision was not appealable because the Commission did not have the authority to release a prisoner prior to his parole-eligibility date.[2]  On December 23, Anton was released on parole to the Dismas Community Corrections Center, from which he was discharged on March 30, 1992.

Anton filed this complaint under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against Parole Commissioner Getty, Hearing Examiner Muller, Chief Analyst Kostbar, and Probation Officers Lawrenz and Woddail. He sought to amend his complaint by adding claims against Laird, Stan Ahlin, and Cecil Turner, two of Laird's supervisors who worked for the Bureau of Prisons, and Probation Officer Holt.  The District Court granted the original defendants' motion for summary judgment and denied Anton leave to amend his complaint.  It held that Commissioner Getty, Kostbar, Muller, and the probation officers were absolutely immune from suit.  As for the Bureau of Prison employees, the Court concluded that even if these defendants were entitled only to qualified,

---

[2]Kostbar concedes that he was mistaken.  At the time Kostbar wrote to Anton, Anton was eligible for parole.

-3-

rather than absolute, immunity, Anton had failed to state a claim against them.[3]

II.

Generally, qualified immunity is "sufficient to protect government officials in the exercise of their duties." Burns v. Reed, 500 U.S. 478, 486-87 (1991). Judges and officials who have duties that are "functionally comparable" to those of judges are, however, entitled to absolute immunity. Butz v. Economou, 438 U.S. 478, 513 (1978). This immunity, which protects the independence of judges, administrative-law judges, and officials with similar duties, shields not only these decisionmakers, but also other individuals who perform discretionary tasks that play an "integral part[]" in the decisionmaking process. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985) (quoting Briscoe v. LaHue, 460 U.S. 325, 335 (1983)).

A.

We begin by applying these principles to Parole Commissioner Getty's decision to delay Anton's parole. In Evans v. Dillahunty, 711 F.2d 828 (8th Cir. 1983), we held that "parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity. Id. at 831. Commissioner Getty's decision to delay Anton's parole was based on her conclusion that Anton had not prepared an adequate release plan and, thus, had not met the requirements for parole. It was no less judicial in character than are decisions to deny parole. Accordingly, Commissioner Getty is

---

[3]Anton has submitted a motion urging us to sanction the defendants for submitting a brief that mischaracterizes the facts. We find the defendants' brief satisfactory and, therefore, deny Anton's motion.

entitled to absolute immunity.[4]

Hearing Examiner Muller and Probation Officers Lawrenz, Holt, and Woddail are protected by absolute immunity, as well. Anton claims that these defendants violated his constitutional rights by concluding that his release plan was unacceptable and recommending that his parole be delayed. These tasks are similar to the ones performed by probation officers when they prepare a presentence report. In both cases, officials evaluate facts, draw legal conclusions, and make recommendations which play a significant part in a decisionmaking process. A number of our sister circuits have held that because presentence reports are so closely associated with the exercise of a judicial function, probation officers who prepare these reports are entitled to absolute immunity. See Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994), cert. denied, 115 S. Ct. 1837 (1995); Turner v. Barry, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988) (per curiam); Demoran v. Witt, 781 F.2d 155, 157-58 (9th Cir. 1986); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979). Because the conclusions and recommendations of Muller, Holt, Lawrenz, and Woddail had a similar, close connection to Commissioner Getty's decision to delay Anton's parole, these officers are protected by absolute immunity.[5]

---

[4]Anton argues that Commissioner Getty lost her absolute immunity because she violated Anton's constitutional rights. We disagree. Although "an official acting outside her jurisdiction loses her immunity, . . . [a] decision about whether or not to grant parole is at the heart of a parole board member's jurisdiction, whether that decision is based on lawful or unlawful considerations." Patterson v. Von Riesen, 999 F.2d 1235, 1239 (8th Cir. 1993). The same is true of a parole commissioner's decision to delay a release date. Thus, even if we believed that Commissioner Getty acted unconstitutionally (which we do not), she would still be absolutely immune from suit.

[5]Our decision in Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984), is not to the contrary. In Ray, we held that two federal probation officers who were accused of filing a false parole-violation report were entitled only to qualified immunity. We noted that the "effect of filing [a parole-violation] report is merely to trigger an inquiry by another officer that may or may not lead to an administrative proceeding." Id. at 373. These duties were

Next, we consider whether Chief Analyst Kostbar, who determined that Commissioner Getty's decision was not appealable because Anton's parole-eligibility date had not yet occurred, is entitled to absolute immunity. In Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988), the Ninth Circuit confronted a similar question. Mullis filed suit against a bankruptcy-court clerk who failed to accept a bankruptcy petition because the petition was not written in the correct form. The court held that the clerk was entitled to absolute immunity because his refusal to accept the petition was "an integral part of the judicial process." Id. at 1390. See also Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) ("Courts have granted absolute immunity to court clerks where they were performing discretionary acts of a judicial nature."). The same reasoning applies to Kostbar, who performed a discretionary task which played an "integral part" in the National Appeals Board's decisionmaking process. Indeed, Kostbar's conclusion that Anton's appeal was not ripe is the sort of decision that judges often make. Kostbar is, therefore, entitled to absolute immunity.

_____

analogous to those "of a police officer in deciding whether there is probable cause for an arrest. . .," id. at 374, and were, therefore, too far removed from the decision to revoke Ray's parole to merit absolute immunity.

In contrast, the duties of Holt, Muller, Lawrenz, and Woddail were closely connected to Parole Commissioner Getty's decision to delay Anton's parole. They did not merely take actions that might have precipitated an inquiry which could have led to a decision by Commissioner Getty. Instead, these defendants made recommendations that were an important part of an ongoing evaluation of whether Anton had met the requirements for parole.

-6-

B.

Finally, we turn to Anton's claims against Case Manager Mickal Laird, and Stan Ahlin and Cecil Turner, two of Laird's supervisors. Anton asserts that Laird, acting under the direction of Ahlin and Turner, violated the Constitution by suggesting to Parole Officer Muller that Anton's parole be delayed. Although we do not believe that Laird, Ahlin, and Turner are entitled to absolute immunity, we agree with the District Court that Anton has failed to state a claim against them.

After Probation Officer Woddail decided that Anton would have to be housed in a Community Corrections Center, Laird told Muller that it would take 90 days to place Anton in one of these facilities. Laird's recommendation that Anton's parole be delayed was based on this time estimate, not on an assessment of Anton's release plan. This purely logistical calculation is not comparable to a judicial decision. Therefore, Laird and his supervisors are not protected by absolute immunity. See Forrester v. White, 484 U.S. 219, 228 (1988) (absolute immunity does not protect officials when they make "administrative," rather than "judicial," decisions).

The proposed complaint, however, failed to state a claim against these three defendants. In requesting that Anton's parole be delayed so that Anton could be placed in a Community Corrections Center, Laird, Ahlin, and Turner did not violate any constitutional rights. Their actions were a lawful and quite reasonable response to Anton's failure to submit an adequate release plan. See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam) (dismissing a § 1983 claim brought against a parole-board member who delayed the plaintiff's parole hearing because his parole application "did not contain sufficient information about his proposed home placement").

III.

For these reasons, the judgment of the District Court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.