# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2762

_____

| | | |
|---|---|---|
| Louis Mayorga, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| The State of Missouri; | * | Eastern District of Missouri. |
| Laura Hunsucker; Michelle | * | |
| Pogue; Jonathan Rosenboom; | * | |
| Randee Kaiser; R. Dale Riley; | * | |
| Dora B. Schriro; James D. Purkett; | * | |
| Dennis H. Agniel; Fannie B. Gaw; | * | |
| Michael J. Webber; Michael D. Nash; | * | |
| B. Jeannine Heather; Barne P. Ploch; | * | |
| Sherry L. Boldt; Mike H. Groose; | * | |
| Larry Rowley; Doug Prudden; | * | |
| Missy Scoggin; Lisa Harris; | * | |
| Fred Lampman; Susan Embree; | * | |
| Curt Davis; Kim Weatherford; | * | |
| Wendell Enloe; and Cranston | * | |
| Mitchell, sued in their individual | * | |
| capacities and official capacities | * | |
| as officers and employees of the | * | |
| Missouri Department of Corrections, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 14, 2006
Filed: March 30, 2006

_____

Before RILEY, MELLOY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Louis V. Mayorga, a former inmate, sued the state of Missouri, Parole Board officials, and various supervisors and counselors at the Department of Corrections. He alleged violations of his constitutional rights to due process and equal protection under 42 U.S.C. § 1983. The district court[1] granted summary judgment, finding the defendants entitled to immunity. Mayorga appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On December 4, 1995, Mayorga pled guilty to knowingly inflicting cruel and inhuman punishment on a two-year-old by spanking the child – a Class C felony for "abuse of a child." *See* **Mo. Rev. Stat. § 568.060.3**. On February 9, 1996, he was sentenced to four years in prison. He served 120 days "shock treatment" in a Missouri penitentiary before a state court ordered probation on July 1. In the probation order, the court imposed conditions, including that Mayorga participate in an outpatient sex-offender-treatment program. Mayorga objected, arguing that he was convicted of spanking a child with a belt, not sexually abusing a child. The court agreed, deleting the requirement that Mayorga undergo sex-offender treatment, but substituting that Mayorga serve an additional 15 days "shock time" in prison and begin anger-management classes after his release.

Mayorga violated his probation and was ordered to serve the rest of his four-year sentence on July 24, 1997. Because his Pre-Sentence Investigation Report (PSR)

_____

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

indicated that he sexually abused the child, the Board of Probation and Parole classified and placed him in the Missouri Sex-Offender Program. Mayorga again refused treatment, which caused the denial of his early conditional release date from prison.

Mayorga filed an inmate grievance on January 28, 1998, claiming he was improperly classified as a sex-offender and requesting reclassification and reinstatement of his release date. After a hearing and internal appeal, the Board determined that Mayorga was properly classified as a sex-offender because his PSR, his probation violation report, and his FBI report indicated that, while not the offense of conviction, he had forcibly sodomized and raped the child.

Mayorga appealed to the full Board on March 12, arguing that the erroneous classification violated his constitutional rights. He reiterated this argument in letters to the chairman of the Board and the director of the Department of Corrections. The Board denied his appeal on April 28, and on June 22, extended his conditional release date to his maximum sentence – February 17, 2001.

On June 8, 1998, Mayorga sued the state of Missouri and various members of the Parole Board and the Department of Corrections – in a previous federal case – for violating his constitutional rights under 42 U.S.C. § 1983. (Before the court ruled, Mayorga filed two additional grievances with the Board contesting his classification as a sex-offender, which the Board again denied.) On September 30, 1999, the district court dismissed Mayorga's claims (without prejudice) for failure to exhaust state habeas remedies, but did opine that he was improperly classified as a sex-offender under Missouri law. Mayorga then filed two more grievances with the Board, enclosing the district court's order. These grievances were denied, prompting him to send a final letter to the chairman of the Board requesting reclassification and early release. The Board advised Mayorga that he had, in fact, been erroneously classified, and ordered his release on parole on June 23, 2000.

After his release, Mayorga sued the state of Missouri and various officials – parole officers, Board members, clinical supervisors and counselors at the sex-offender-treatment program, and managers and directors of correctional facilities – for violating his constitutional rights under 42 U.S.C. § 1983, specifically his rights to due process and equal protection. The defendants moved for summary judgment, invoking sovereign, absolute, and qualified immunity.

The district court separated the defendants into three groups. First, it held that the state of Missouri and all those sued in their official capacities were entitled to sovereign immunity.[2] Second, the court found that Dennis Agniel, Michael Webber, Michael Nash, B. Jeannine Heather, Barne Ploch, Missy Scoggin, Fannie Gaw, and Cranston Mitchell (the "parole official" defendants) were entitled to absolute immunity, because they were performing quasi-judicial functions in their official duties as Board members. Finally, the court determined that Laura Hunsucker, Michelle Pogue, Jonathan Rosenboom, Randee Kaiser, R. Dale Riley, Dora Schriro, James Purkett, Susan Embree, Curt Davis, Kim Weatherford, Wendell Enloe, Sherry Boldt, Mike Groose, Larry Rowley, Doug Prudden, Lisa Harris, and Fred Lampman (the "supervisory" defendants) did not have the authority to override the Board, and thus had no personal liability under section 1983. Mayorga appeals.

II.

This court reviews the grant of summary judgment de novo, applying the same standards as the district court and viewing the evidence most favorably to the non-moving party. *See **Richmond v. Higgins***, 435 F.3d 825, 828 (8th Cir. 2006). The

---

[2]Mayorga does not appeal this finding. Neither the State nor its officials acting in their official capacities are "persons" capable of being sued under 42 U.S.C. § 1983. *See **Will v. Mich. Dep't of State Police***, 491 U.S. 58, 71 (1989). This appeal is limited to whether the individual defendants are entitled to absolute immunity for acts performed in their individual capacities.

district court is affirmed if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56(c)**; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A.

Mayorga first contests the district court's conclusion that the parole officials are entitled to absolute immunity. "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993), *quoting* *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1975). Parole board members are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges. *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006), *quoting* *Patterson*, 999 F.2d at 1238-39. *See also* *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986); *Evans v. Dillahunty*, 711 F.2d 828 (8th Cir. 1983).

Mayorga claims that, as a result of violating his constitutional rights by improperly classifying him as a sex-offender and mandating participation in the sex-offender-treatment program, his conditional early-release date was cancelled. Though Mayorga argues this is not a decision about parole, absolute immunity applies if parole officials have the power to attach conditions to a prisoner's early release. *See Figg*, 433 F.3d at 598 ("the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in her official capacity at the time of the decision"), *quoting* *Patterson*, 999 F.2d at 1239.

The Board may condition an early release on anything it deems reasonable to assist the offender in leading a law-abiding life. **Mo. Rev. Stat. §§ 558.011.4(2); 217.690.9**. Board members have wide discretion in determining the proper conditions of parole. *See* *Spencer v. Kemna*, 523 U.S. 1, 14 (1998); *Cavallaro v. Groose*, 908

S.W.2d 133, 135 (Mo. banc 1995); *Blackburn v. Mo. Bd. of Prob. & Parole*, 83 S.W.3d 585, 587-88 (Mo. App. 2002). Mayorga claims that the parole officials acted outside of their jurisdiction in classifying him as a sex-offender based on unsubstantiated facts from the PSR and FBI reports. Even so, they still have absolute immunity. *Patterson*, 999 F.2d at 1239. "An official does not act outside her jurisdiction simply because she makes an unconstitutional or unlawful decision." *Id.*, *citing Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). As the Board's decisions classifying Mayorga are at the heart of its jurisdiction, the parole officials are entitled to absolute immunity.

B.

Mayorga next attacks the district court's determination that the other named "supervisory" defendants had no personal involvement in any deprivation of his constitutional rights, and thus, cannot be held liable under section 1983. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *citing Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). To establish personal liability of the supervisory defendants, Mayorga must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights. *See Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988). *See also Thomason v. Scan Volunteer Serv., Inc.*, 85 F.3d 1365, 1370 (8th Cir. 1996); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mayorga repeats the arguments presented to the district court about the personal liability of the supervisory defendants. Specifically, he contends that he repeatedly complained to the supervisory defendants through inmate grievances and letters about the Board's decisions to classify him as a sex-offender, require the sex-offender-treatment program, and deny early release. As the district court found, none of this demonstrates any supervisory defendant had the power or authority to override the

Board, change his classification, withdraw the treatment requirement, or authorize early release from prison. In fact, in correspondence with Mayorga, the supervisory defendants emphasized that inmates may not grieve decisions of the Board, as stated in institutional policies. As Mayorga cannot establish personal involvement of the supervisory defendants, they are entitled to judgment as a matter of law under section 1983.

## III.

The judgment of the district court is affirmed.

_____