**Ross Lee GREEN, Appellant,**

v.

**Lee Roy BLACK, Jim Jones, Donald L. Wyrick and Marie Clark, Appellees.**

**No. 84–1624.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 25, 1985.

Decided Feb. 27, 1985.

Ross Lee Green, pro se.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Ross Green appeals *pro se* from the district court's order dismissing his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). For the reasons stated below, we reverse and remand to the district court.

In May, 1974, Green was convicted of forcible rape and sentenced to twenty years imprisonment, which he is presently serving in the Moberly Training Center for Men (Moberly). He alleges that he is being discriminated against because the prison officials at Moberly are preventing him from completing Phase II of the Missouri Sexual Offenders Program (MOSOP), and thereby are effectively preventing him from being considered for parole.[1] The district court, finding that Green had no constitutionally protected right to enroll in Phase II at any specific time, dismissed Green's complaint as frivolous.

■ Under 28 U.S.C. § 1915(d), the district court may dismiss an action only when it is satisfied that the action is frivolous or malicious. As this Court stated in *Smith v. Bacon*, 699 F.2d 434 (8th Cir. 1983):

Under the liberal rules applicable to *pro se* prisoners, an action is not frivolous unless it appears "beyond a doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief." *Wilson v. Iowa*, 636 F.2d 1166, 1168 (8th Cir.1981).

*Id.* at 436.

We review the district court's dismissal under the abuse-of-discretion standard. *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir.1984). As *Horsey* indicates, it is an abuse of discretion to dismiss a complaint under section 1915(d) if the complainant can prove any set of facts that would entitle him to relief. *Id.* Under this standard, we believe the district court abused its discretion in dismissing Green's complaint as frivolous.

The appellees contend that because they have complete discretion to grant or deny parole at any time, Green has no protected liberty interest and therefore fails to state a constitutional claim.

■ Although we recognize that the current Missouri parole statutes give the Board of Probation and Parole almost unlimited discretion to make parole determinations, *see* Mo.Rev.Stat. §§ 217.655, 217.-690 (1984), and therefore do not create a liberty interest protected by due process, *see, e.g., Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7–8, 99 S.Ct. 2100, 2103–2104, 60 L.Ed.2d 668 (1979), we noted in *Parker v. Corrothers,* 750 F.2d 653, at 660 (8th Cir.1984), that particularized standards or criteria which may give rise to a protected liberty interest may be found not only in a state's statutes or administrative code, but also in official policy pronouncements that are intended to guide the exercise of discretion.

■ Because the district court dismissed Green's complaint as frivolous, he was not allowed to prove, and therefore we cannot determine from the record, whether such an official policy pronoucement exists. Green notes that on January 9, 1984, Marie Clark, the MOSOP Director, circulated an interoffice memorandum that stated:

Any person having a release date after April 1, 1984 will be required to complete Phase I and II of MOSOP prior to parole. Persons with sentences before January 1, 1979, may be given Administrative Parole (7/12) if they have completed Phase I and II of MOSOP. If an individual has not completed MOSOP Phases I and II by their Administrative Parole date, the policy of the Board of Probation and Parole, in order to comply with [Mo.Rev. Stat. §] 589.040, is that these individuals remain incarcerated until

---

**1.** Green successfully completed Phase I of the Missouri Sexual Offenders Program on June 23, 1983.

1) they successfully complete both Phases I and II or;

2) they reach their 9/12 date;

whichever comes first.

Although we do not agree that this memorandum alone creates a liberty interest in parole release, it does limit the appellees' discretion as to when Green may be considered for parole release by stating that an inmate may be considered for administrative parole after serving seven-twelfths of his sentence if he completes Phase II; whereas if he does not complete Phase II, he will not be considered for parole until he has served nine-twelfths of his sentence.

If Green can show that the prison officials have established particularized standards or criteria under which similarly situated sexual offenders are admitted into Phase II of MOSOP before they have served seven-twelfths of their sentence, and that there is a policy under which inmates receive parole on their seven-twelfths date after successful completion of Phase II unless certain conditions apply, then Green may have a liberty interest in being enrolled and completing Phase II before his seven-twelfths date.[2] Because these issues were not addressed below, we remand to the district court for further proceedings consistent with this opinion.

---

**2.** Green was sentenced to twenty years in May, 1974. Therefore, according to our calculations, Green's seven-twelfths date is sometime around January, 1986.