**Tony Joe GALE, Appellant,**

v.

**Dick MOORE, Chairman, Missouri Board of Probation and Parole, Bill Duncan, Carolyn V. Atkins, Appellees.**

No. 84–2011.

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1985.

Decided May 31, 1985.

Wilson Phillips, Jr., Kansas City, Mo., for appellant.

George W. Cox, III, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Appellant Tony Joe Gale appeals from a final order entered in the District Court[1], 587 F.Supp. 1491, for the Western District of Missouri dismissing his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(d). For reversal Gale contends that the district court erred in dismissing the complaint as frivolous and that the State of Missouri has denied him equal protection by creating different standards of parole for sexual offenders than that required of the rest of the prison population. We modify and affirm.

Gale is serving a ten-year sentence at the Missouri Department of Corrections for his conviction for sodomy, after which Gale is to serve two concurrent five-year sentences for additional sodomy and rape convictions.

Gale, whose petition for parole was rejected by the Missouri Board of Probation and Parole, filed this section 1983 action seeking a review of the last fifty paroles granted by the Board, the removal of the present members, a mandamus forcing the Board to demonstrate to the court why his parole was not granted and monetary damages from the individual Board members. In short, Gale contends that the Board has violated his constitutional rights by denying him parole because he is a sexual offender.

On due process considerations, the district court dismissed the complaint as frivolous because Gale had not established a liberty interest in parole protected by the due process clause.

In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir.1984), this court held that, "... although there is no constitutional right to parole, a protected liberty interest may be created by the statutes governing parole in a given jurisdiction." *Id.* at 655 (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7–11, 99 S.Ct. 2100, 2103–05, 60 L.Ed.2d 668 (1979)).

This court concluded that there are two standards which determine whether a parole statute creates a protected liberty interest: (1) does the statute contain particularized substantive standards or criteria which significantly guide parole decisions;

1. The Honorable Scott O. Wright, United States District Judge, Western District of Missouri.

and (2) does the statute use mandatory language similar in substance and form to the Nebraska statute's language at issue in *Greenholtz*. *Parker*, 750 F.2d at 661.

Missouri's parole statute provides in part: "When in its opinion there is a reasonable probability that an inmate of a state correctional institution can be released without detriment to the community or to himself, the board *may in its discretion* release or parole such person." Mo. Rev.Stat. § 217.690 (1983) (emphasis added).

■ The discretionary language was added in response to the Eighth Circuit's opinion in *Williams v. Missouri Board of Probation and Parole*, 661 F.2d 697, 699 (8th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982), in which the Eighth Circuit concluded "that the Missouri law providing that *when* the statutory and regulatory guidelines are met the inmate *shall* be released on parole gives rise to the same protectable entitlement as the Nebraska scheme providing that the prisoner *shall* be paroled *unless* certain findings are made." *Id.* at 699 (emphasis in original). Missouri's statute as reworded does not create a protected liberty interest in parole (*i.e.*, the regulations do not mandate release on parole when certain criteria are met or establish an entitlement to parole). They merely provide guidelines enacted to assist in the exercise of the Board's discretion.

■ However, in *Green v. Black*, 755 F.2d 687, 688 (8th Cir.1985) (per curiam), this court noted that even when statutes do not give rise to a protected liberty interest, a protected liberty interest may arise where particular regulations, practices or customs have been formally utilized through such devices as handbooks or inter-office memoranda or other standardized customs which limit the Board's discretion. *Id.* at 688. But in the case at bar Gale has failed to point to any such customs, regulations or practice. Furthermore, despite his assertion that he could point to such customs, if he were given a chance to develop a record, it is far from clear that he would

qualify for parole under the applicable policy guidelines used by the Missouri Parole Board for sex offenders, as set out in *Green v. Black*, 755 F.2d at 688–89.

The case at bar was decided in the district court and appellate briefs were written before *Green* was decided. We are not told the date of Gale's convictions. From some material in the record we may speculate that he was convicted in 1979. The record does not reflect whether at the time of any parole hearing criteria similar to those set forth in *Green* were in effect, or whether subsequent to the filing of this suit in 1983 any further parole proceedings have transpired. We are told in the briefs, but not from the record, that appellant has successfully completed a special program for Missouri sex offenders.

In light of these recent developments and the possibility that a state of affairs now exists that differs extensively from that in existence at and before presentation to the trial court, we are constrained to hold that while the district court did not abuse its discretion in dismissing the action, we should make clear that the dismissal should be without prejudice to such new action, if any, as may appear to be appropriate in light of actions of the Missouri Board of Parole, if any, subsequent to appellant's last amended pleading dated January 30, 1984.

■ Likewise, on the present record, there is no merit in Gale's equal protection challenge. Legislative classifications regarding prisoners and parole ordinarily do not involve suspect classifications or fundamental rights. Therefore, to be valid, such classifications need only to be rationally related to a legitimate governmental purpose. *Frazier v. Manson*, 703 F.2d 30, 33–34 (2d Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983); *Young v. United States Parole Commission*, 682 F.2d 1105, 1109 (5th Cir.), *cert. denied*, 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 517 (1982). The statute's goal of preventing sex crimes through rehabilitation and deterrence apparently constitutes

a rational basis and justifies the classification which may have been given thereunder. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. at 8, 99 S.Ct. at 2104.

Finally, it is clear that affirmance of the dismissal of the damage claims against the Parole Board members is indicated. Parole officers are entitled to absolute immunity while performing their official duties which, according to Gale's allegations, they were doing. *Evans v. Dillahunty,* 711 F.2d 828, 830–31 (8th Cir.1983).

From what has been said, it follows that the judgment of dismissal is modified so as to be without prejudice to any similar cause of action arising in whole or in part out of facts or activities subsequent to January 30, 1984 and relating to appellant's parole eligibility, and so modified the judgment of dismissal is affirmed.