**John F. COATS, Plaintiff,**

v.

**Ruth NANCE, et al., Defendants.**

**No. 90–0762C(6).**

United States District Court,
E.D. Missouri, E.D.

June 26, 1990.

John F. Coats, Jefferson City, Mo., pro se.

MEMORANDUM

GUNN, District Judge.

This case is currently before the Court for frivolity review of plaintiff's amended complaint. For the following reasons, the Court withholds summons and process and dismisses plaintiff's case as frivolous.

Plaintiff, a Missouri state prisoner currently confined at Algoa Correctional Center in Jefferson City, Missouri, brings this action against his state parole officer, Ruth Nance; Nance's area supervisor, Gary Roettger; and the Missouri Board of Probation and Parole, "acting individually and collectively." Plaintiff alleges that he was convicted of burglary second degree in the Circuit Court of St. Louis City, Missouri on April 8, 1983 and sentenced to imprisonment in the Missouri Department of Corrections and Human Resources to a term of eight years on October 22, 1983. Plaintiff served his sentence and was paroled on March 20, 1987.

Coats allegedly violated the conditions of his parole and was, consequently, detained from October 27, 1987 through July 14, 1988 in the St. Louis County Jail.

On July 14, 1988, the Circuit Court for the City of St. Louis, Missouri, in cause number 871–3381C, granted Coats' petition for writ of habeas corpus and quashed the applicable parole detainer. The Court held that its decision resulted from the state's "failure to give defendant a timely revocation hearing."

Plaintiff earlier filed a complaint identical to the one currently pending before this court in cause number 88–1338C(1). That case was dismissed without prejudice on August 12, 1988 because the Court was unable to contact plaintiff at the address he provided.

In his amended complaint, plaintiff incorporates the allegations of his earlier action, number 88–1338C(1). Plaintiff further concedes that he is no longer being held in St. Louis County Jail pursuant to a parole revocation. Plaintiff, therefore, only seeks damages for his allegedly unlawful detention from October 27, 1987 through July 14, 1988 and a court order enjoining defendants from "harassing, molesting or intimidating the plaintiff herein pending this suit and action."

The Court finds that defendants are absolutely immune from money damages. Although the United States Supreme Court has not had the opportunity to determine the immunity to be afforded parole officers, *see, Board of Pardons v. Allen*, 482 U.S. 369, 370–71 n. 1, 107 S.Ct. 2415, 2417 n. 1, 96 L.Ed.2d 303 (1987); *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985), the Eighth Circuit, and several other circuit courts of appeals, have held that parole officers are absolutely immune from liability for damages. *See, e.g., Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1986); *Walker v. Prisoner Review Bd.*, 769 F.2d 396, 399 (7th Cir. 1985), *cert. denied*, 474 U.S. 1065, 106 S.Ct. 817, 88 L.Ed.2d 791 (1986); *Gale v. Moore*, 763 F.2d 341, 344 (8th Cir.1985); *Thompson v. Burke*, 556 F.2d 231, 240 (3d Cir. 1977).

Moreover, dicta in the *Cleavinger* case supports this decision. The issue in *Cleavinger* is whether prison officials who hear cases in which inmates are charged with conduct violations are entitled to absolute or qualified immunity. *Cleavinger*, 474 U.S. at 194, 106 S.Ct. at 497. In analyzing judicial immunity, the Court noted, "[a]lthough this Court has not decided whether state parole officials enjoy absolute immunity as a matter of federal law, *see Martinez v. California*, 444 U.S. 277, 284 [100 S.Ct. 553, 558, 62 L.Ed.2d 481] (1980), federal courts have so held." [citations omitted.] *Cleavinger*, 474 U.S. at 200–01, 106 S.Ct. at 500. More persuasive is the Court's subsequent distinction between prison officials and parole officers:

Neither do we equate this discipline committee membership to service upon a traditional parole board. The Board is a 'neutral and detached' hearing body. The parole board member has been described as an impartial professional serving essentially 'as an arm of the sentencing judge.' And in the penalty context, the parole board is constitutionally required to provide greater due process

protection than is the institution discipline committee.

Having considered all of the foregoing, the Court concludes that defendants herein are accorded absolute immunity from liability for damages. Therefore, in its order filed herewith, the Court dismisses plaintiff's complaint as frivolous. 28 U.S.C. § 1915(d); *Neitzke v. Williams*, — U.S. —, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff's claim for injunctive relief in the form of a Court order enjoining defendants from harassing him during the pendency of this matter is dismissed as moot.