760 F.Supp. 150 (1991)
Leo PATTERSON, et al., Plaintiffs,
v.
William WEBSTER, et al., Defendants.
No. 90-2024C(6).
United States District Court, E.D. Missouri, E.D.
April 3, 1991.
*151 Leo Patterson, John Fletcher, Steven Chevalier, Philip Simons, Martin Wilson and Daniel Mahany, plaintiffs pro se.
June Striegel, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the defendants' motion to dismiss and the plaintiffs' motion for the appointment of counsel.
Plaintiffs, Missouri state prisoners, seek injunctive and monetary relief pursuant to 42 U.S.C. § 1983. Named as defendants are William Webster, Attorney General for the State of Missouri; John Ashcroft, Governor of the State of Missouri; Dick D. Moore, director of the Missouri Department of Corrections and Human Resources; George A. Lombardi, director of the Division of Adult Institutions of the Missouri Department of Corrections and Human Resources; and "John Does" that plaintiff describes as "unknown employees, agents, administrators and facilitators of The [sic] State of Missouri who create, administer and enforce programs and policies as complained of hereafter."
Plaintiffs allege that the defendants have violated their rights to due process, equal protection, freedom of speech, and freedom from cruel and unusual punishment by creating and implementing the Missouri Sexual Offenders Program ("MOSOP").
Plaintiffs' specific allegations against the defendants are: (1) that they have "improperly and unlawfully" applied the provisions of Mo.Rev.Stat. § 589.040 (Supp. II 1990)[1] *152 to the plaintiffs because that statute is "specifically worded to encompass only offenders convicted of sexual assault offenses" and does not include offenders convicted of "rape, sodomy, sexual misconduct, sexual abuse, etc.," (2) that they have failed to advise and inform plaintiffs, prior to judgment and sentencing, that as convicted sex offenders, they would be required to enter MOSOP with the possible result that they would be incarcerated for a longer duration than prisoners who have not been convicted of a sexual offense, (3) that they have created a separate and discriminatory class affecting sexual offenders and as members of such a class, plaintiffs are deprived of entitlement, rehabilitative and early release opportunities and privileges enjoyed by non-sex offenders, (4) that they withhold treatment of recognized "ill" plaintiffs, (5) that they fail "to provide competent psychiatrically trained personnel despite declaring all sexual offenders in need of such care," (6) that they fail to provide "adequate facilities, funds and staff to assure and allow each and every Plaintiff to fulfill his MOSOP requirements in a timely manner so as to not be adversely affected," (7) that they require plaintiffs to complete MOSOP prior to early release, rehabilitative opportunities, and privileges enjoyed by non-sexual offenders, (8) that they allow "untrained and unskilled inmates to improperly and unlawfully extend the release date of the Plaintiffs by removing or withholding [sic] and/or denying Plaintiff's [sic] right to complete MOSOP," (9) that they unreasonably exclude plaintiffs from completing MOSOP "by and through the imposition and execution of arbitrary, capricious and untenable rules and regulations," (10) that they deprive plaintiffs of the ability to complete MOSOP in a timely manner by denying them of an appeal process, (11) that they fail to provide plaintiffs before and after they complete MOSOP with the privileges enjoyed by non-sexual offenders, and (12) that they deny plaintiffs early release dates until they complete MOSOP and simultaneously withhold plaintiffs' participation in MOSOP until a release date is granted.
In their motion to dismiss, defendants state that plaintiffs fail to allege any specific, direct action by the defendants, so that their allegations are actually directed against the State of Missouri and prohibited by the eleventh amendment. Defendants state that any facts asserted against them were pursuant to a respondeat superior theory, which is precluded under § 1983. Furthermore, defendants state that plaintiffs' claims against them in their official capacities are not appropriate, since neither states nor their officials are persons within the meaning of § 1983.
Defendants also state, in support of dismissal, that plaintiffs are challenging the fact and duration of their confinement and that those claims have not been exhausted in the state courts. Finally, defendants contend that this court should abstain from interpreting the scope and application of MOSOP.
In response, plaintiffs state that they wish to drop any allegations relating to the fact and duration of their confinement. In addition, plaintiffs seek the opportunity to amend their complaint, in lieu of dismissal.
Initially, the court notes that plaintiffs have failed to allege any specific facts as to the named defendants, and appear to be suing defendants Webster, Ashcroft, Moore, and Lombardi in their official capacities as officers of the State of Missouri. Neither states nor their officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Although plaintiffs seek leave to amend, it would serve no purpose, because the court finds that the plaintiffs cannot state any claims on which relief may be granted pursuant to § 1983.
*153 Plaintiffs' argument that Mo.Rev. Stat. § 589.040 only applies to sexual offenders specifically convicted of a "sexual assault" offense and not to other sexual offenders does not state a claim. Mo.Rev. Stat. § 589.020 (1986) of the Missouri "Sexual Assault Prevent Act" states that the term "sexual assault" shall include:
(a) The acts of rape, forcible rape, sexual assault, sodomy, forcible sodomy, deviate sexual assault, sexual misconduct and sexual abuse, or attempts to commit any of the aforesaid, as these acts are defined in chapter 566, RSMo;
(b) The act of incest, as this act is defined in section 568.020, RSMo;
(c) The act of abuse of a child, as defined in subdivision (1) of subsection 1 of section 568.060, RSMo, which involves sexual conduct, and as defined in subdivision (2) of subsection 1 of section 568.060, RSMo; and
(d) The act of use of a child in a sexual performance as defined in section 568.080, RSMo.
Thus, the application of Mo.Rev.Stat. § 589.040 is clearly not limited to those sexual offenders convicted of "sexual assault" offenses.
Similarly, plaintiffs' allegation that they were not informed of the requirements of MOSOP prior to sentencing, which plaintiffs allege may result in a lengthier period of incarceration for them as opposed to "those similarly situated but not convicted of a sexually related offense," does not state a claim. Plaintiffs appear to be confusing potential parole with the completion of their sentences. "Failure to complete MOSOP can only push back potential parole  an early release. It cannot extend plaintiff's actual sentence." Russell v. Eaves, 722 F.Supp. 558, 560 (E.D.Mo.1989).
Plaintiffs' due process claims are also without merit. Plaintiffs cannot argue that MOSOP unconstitutionally interferes with parole, as plaintiffs do not have a protected liberty interest in parole. Missouri's parole statute does not create such an interest. Gale v. Moore, 763 F.2d 341, 343 (8th Cir.1985). Neither do the parole board regulations create such an interest. Parkers v. Corrothers, 750 F.2d 653 (8th Cir.1984). Furthermore, plaintiffs have not alleged the existence of any customs, regulations, or practices that would give them a liberty interest in parole. See Green v. Black, 755 F.2d 687, 688 (8th Cir.1985). Because plaintiffs have not shown a liberty interest in parole, they have no right to fulfill their MOSOP requirements "in a timely manner so as to not be adversely affected." Also, the same reasoning applies to plaintiffs' claims that they can be excluded from MOSOP "by and through the imposition and execution of arbitrary, capricious and untenable rules and regulations," that they are denied the ability to timely complete MOSOP because there is no appeal process, that they are denied early release dates until they complete MOSOP and are simultaneously withheld from participation in MOSOP until a release date is granted, and that other inmates can extend plaintiffs' release dates by denying plaintiffs' right to complete MOSOP. Because plaintiffs have no liberty interest in parole, no procedural due process protections attach to their participation in MOSOP.
Likewise, plaintiffs' equal protection claims are without merit. "Legislative classifications regarding prisoners and parole ordinarily do not involve suspect classifications or fundamental rights. Therefore, to be valid, such classifications need only to be rationally related to a legitimate governmental purpose." Gale v. Moore, 763 F.2d at 343 (8th Cir.1985). "[MOSOP's] goal of preventing sex crimes through rehabilitation and deterrence apparently constitutes a rational basis and justifies the classification which may have been given thereunder." Id. at 343-44. Accordingly, no equal protection violation results from establishing a different standard of parole for sexual offenders. Therefore, plaintiffs' allegations that MOSOP creates a discriminatory class and deprives plaintiffs of early release, rehabilitative opportunities, and privileges enjoyed by non-sex offenders, do not state a claim.
*154 Plaintiffs' claim that the defendants fail to provide "adequate facilities, funds and staff to assure and allow each and every Plaintiff to fulfill MOSOP requirements in a timely manner so as to not be adversely affected" does not state a claim. Again, plaintiffs have no right to parole. Gale v. Moore, 763 F.2d at 343. (8th Cir.1985). Furthermore, "[f]ederal courts will not audit ... [rehabilitative] programs, which are well within the administrative prerogatives of the state institution, absent a clear showing that such programs are being purposely used to infringe upon protected constitutional rights." Jackson v. McLemore, 523 F.2d 838, 839 (8th Cir.1975).
Plaintiffs' allegations that the defendants withhold treatment until a prescribed time prior to release and fail to provide "competent psychiatrically trained personnel despite declaring all sexual offenders in need of such care" are not cognizable under § 1983. Plaintiffs' argument appears to be that because they are convicted sexual offenders and must participate in MOSOP to qualify for a potential early release, the state has declared them "ill". Therefore, if they are "ill," the defendants have failed to immediately place them into MOSOP and provide professional psychiatric help. Psychological disorders may constitute serious medical needs. See White v. Farrier, 849 F.2d 322 (8th Cir. 1988); Young v. Armontrout, 795 F.2d 55, 56 (8th Cir.1986). However, the mere fact that the plaintiffs are convicted sexual offenders does not mean that they have psychological disorders or that they are in need of psychiatric treatment. Furthermore, there is no indication that the defendants have been deliberately indifferent to the plaintiffs' serious medical needs or that they even have serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
Finally, plaintiffs' allegations could be construed as a challenge to their confinement, which is improper under 42 U.S.C. § 1983. A prisoner challenging "the fact or length of his custody," must pursue his claim through a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, there is no indication from plaintiffs' complaint that they have presented their claims to the state court and that these claims have been exhausted, a prerequisite for filing a federal writ of habeas corpus. See 28 U.S.C. § 2254. Plaintiffs indicated in their response to defendants' motion that they wish to omit any habeas-type allegations from their complaint.
An appropriate order shall accompany this memorandum.

ORDER
In accordance with the memorandum filed this date and incorporated herein,
IT IS HEREBY ORDERED that defendants' motion to dismiss is granted and plaintiffs' complaint against defendants is dismissed.
IT IS FURTHER ORDERED that plaintiffs' motion for the appointment of counsel is denied as moot.
NOTES
[1] Mo.Rev.Stat. § 589.040 provides:

Duties of division of corrections  certain inmates participate in programs
1. The director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.
2. All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section.