**Sterling DICKEN; Donald Harden, Plaintiffs,**

**Edward H. Pennington, Appellant,**

v.

**John ASHCROFT; Board of Probation and Parole; Dept. of Corrections; Cranston Mitchell; Dick Moore, Appellees.**

No. 90–3081.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1992.

Decided Aug. 7, 1992.

Rehearing and Rehearing En Banc Denied Sept. 23, 1992.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Edward H. Pennington appeals the district court's [1] dismissal of his complaint for failure to state a claim. Pennington, an inmate confined in the Missouri State Penitentiary, filed a complaint in federal district court under numerous federal statutes, including the Civil Rights Act of 1871, 42 U.S.C. § 1983.[2] He claimed that the Missouri Board of Probation and Parole (the Board) violated the constitutional ban on *ex post facto* laws by applying to him a parole statute that was passed after his conviction. We affirm the dismissal.

## I.  BACKGROUND

At the time Pennington committed his offense and was convicted, the relevant parole statute in Missouri was Mo.Rev. Stat. § 549.261. Prior to Pennington's incarceration, inmates brought a class action lawsuit to adjudicate their rights flowing from § 549.261. Pennington became a class member in the lawsuit at the time of his incarceration. In that case, this court found that § 549.261 gave rise to a liberty interest protected by the due process clause of the Fourteenth Amendment. *See Williams v. Board of Probation & Parole*, 661 F.2d 697, 698 (8th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982). Accordingly, we held that the statute entitled the inmates to certain procedural safeguards, including the opportunity to review adverse information in their parole files. *Id.* at 700. We then remanded the case to the district court for a determination of what further procedural safeguards were necessary to comport with due process. *Id.*

While the case was pending on remand, the State of Missouri repealed § 549.261

Vincent O'Flaherty, Kansas City, Mo., argued, for appellant.

Denise L. Garnier, Jefferson City, Mo., argued (William L. Webster and Karen A. King, on the brief), for appellees.

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

2. Two other inmates filed as plaintiffs in the original action. These two inmates were not named in the notice of appeal, however, and they did not sign it. Therefore, they are not parties to this appeal.

and enacted Mo.Rev.Stat. § 217.690.[3] The defendants then filed a motion for summary judgment, arguing that the claims were moot under the new statute. The class representatives conceded that the claims were moot and did not contest the motion. The district court entered summary judgment on September 28, 1982. *Williams v. Board of Probation & Parole*, No. 74CV125–W (W.D.Mo. Sept. 28, 1982).

In the years following summary judgment in *Williams*, Pennington made numerous requests for access to his parole file and for copies of the transcripts of all parole hearings related to him. The Board's repeated denial of these requests, and its denial of parole pursuant to § 217.-690, prompted Pennington to file suit in federal district court on December 15, 1986. Pennington's case was referred to a magistrate judge. The magistrate judge recommended that the court dismiss the complaint for failure to state a claim because the judgment in *Williams* constituted *res judicata* and barred the suit. The district court adopted the recommendation. Pennington appeals.

## II. DISCUSSION

■ We review a dismissal for failure to state a claim de novo. *Klett v. Pim*, 965 F.2d 587, 589 (8th Cir.1992) (citing *Harpole v. Arkansas Dep't of Human Serv.*, 820 F.2d 923, 925 (8th Cir.1987)). A complaint should not be dismissed unless it appears beyond a doubt that plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Id.* (citing *United States v. Aceto Agric. Chem. Corp.*, 872 F.2d 1373, 1376 (8th Cir.1989)).

We may affirm the district court on any basis that is supported by the record. *Schweiker v. Hogan*, 457 U.S. 569, 585 n. 24, 102 S.Ct. 2597, 2607 n. 24, 73 L.Ed.2d 227 (1982); *accord Morfeld v. Kehm*, 803 F.2d 1452, 1453 (8th Cir.1986).

■ Pennington claims that the district court erred in holding that the *Williams* judgment is *res judicata* to his claim.[4] He argues that it cannot act as *res judicata* because the class representatives were inadequate.[5] *See Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir.1973) (inadequate representation of class precludes *res judicata* from attaching to that judgment and binding absent class members); *see also* Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 1789 (1986). We need not address whether the class representatives were adequate, however, because Pennington no longer has a substantive claim that would be barred by *Williams*.

Pennington's only claim before the district court was that the application of § 217.690 to him was a violation of constitutional *ex post facto* principles. At oral argument, however, Pennington conceded that he does not have a valid *ex post facto* claim. There is no reason for us to examine the adequacy of the *Williams* class representation to determine whether Pennington should be allowed to make a substantive argument he has conceded.

In his brief and at oral argument, Pennington asserted a second substantive argument. He claims that a regulation governing the maintenance of inmate files at the Missouri State Penitentiary gives him a

---

**3.** The prior parole statute read, in pertinent part:

When in its opinion there is reasonable probability that the prisoner can be released without detriment to the community or to himself, the board *shall* release on parole.... Mo.Rev.Stat. § 549.261 (repealed) (emphasis added).

The current statute reads, in pertinent part:

When in its opinion there is reasonable probability that an inmate of a state correctional institution can be released without detriment to the community or to himself, the board *may in its discretion* release or parole such person.

Mo.Rev.Stat. § 217.690 (emphasis added).

**4.** The district court held that *Williams* is *res judicata* to Pennington's claim because Pennington was a class member in *Williams*, and this issue could have been raised in that litigation.

**5.** Pennington also argues that *Williams* cannot be *res judicata* as to him because it was not a final judgment on the merits. This argument is meritless. It is well established that summary judgment is a final judgment on the merits for purposes of *res judicata*. *See, e.g., King v. Hoover Group, Inc.*, 958 F.2d 219, 222 (8th Cir.1992).

protected liberty interest.[6] *See, e.g., Maggard v. Wyrick,* 800 F.2d 195, 198 (8th Cir.1986) (protected liberty interest may arise when particularized standards or criteria in form of regulations, practices or customs guide state's decisionmakers), *cert. denied,* 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987); *Gale v. Moore,* 763 F.2d 341, 343 (8th Cir.1985) ("a protected liberty interest may arise where particular regulations, practices or customs have been formally utilized through ... devices ... which limit the Board's discretion"). That regulation, which became effective on June 27, 1985, reads in pertinent part: "PURPOSE: This rule is established to ensure that secure and accurate files will be maintained on all inmates assigned to the Missouri State Penitentiary." Missouri State Penitentiary Regulations, Ch. 8, § 208.010 (1985).

Initially, we note that this claim could not be subject to *res judicata* under the judgment in *Williams* because any protected liberty interest created by this regulation is clearly outside the scope of that litigation. The *Williams* case was concerned solely with Mo.Rev.Stat. § 549.261 and was final in 1982. Regulation 208.010, on the other hand, was issued in 1985 and could not have been raised in the *Williams* case.

Pennington did not, however, raise this issue before the district court. We generally do not address issues that were not first raised before the district court. *Diamonds Plus, Inc. v. Kolber,* 960 F.2d 765, 768 (8th Cir.1992); *United States v. Standefer,* 948 F.2d 426, 430 (8th Cir.1991). Because it is not properly before us, we will not remand this issue to the district court.

### III. CONCLUSION

We find that Pennington does not have a substantive claim on which relief could be granted. He has conceded that he does not have a viable *ex post facto* claim. His argument that he has a protected liberty interest created by Regulation 208.010 is not properly before this court. Moreover, this argument does not establish that the district court erred by dismissing his complaint for failure to state a claim because it was not before the district court. Consequently, we affirm the district court's dismissal of Pennington's complaint.

---

6. Pennington correctly admits that Mo.Rev.Stat. § 217.690 does not create a protected liberty interest. *Gale v. Moore,* 763 F.2d 341, 343 (8th Cir.1985).