37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jose G. DRUMMOND, Appellant,
v.
U.S. ATTORNEY GENERAL; U.S. Attorney; U.S. Agency; Peter
M. Carlson, Warden; L. Else, Safety Manager, Appellees.
 No. 94-1009.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 5, 1994.
Filed: October 11, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jose G. Drummond appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. Because we find Drummond's complaint failed to state a claim on which relief may be granted, we affirm.
 
 
 2
 In October 1988, Drummond, then an inmate at the Federal Corrections Institution at Seagoville, Texas (FCI Seagoville), fell and injured his knee while working as an orderly, causing him to miss work. Following reconstructive knee surgery at the Federal Medical Center at Rochester, Minnesota (FMC Rochester), Drummond sought lost-time wages under the Inmate Accident Compensation Plan. See 28 C.F.R. Secs. 301.101-.319. Drummond claimed $178.64 for 232 total days of work lost due to his injury; FCI Seagoville officials determined he should be paid $1.54 for only six days.
 
 
 3
 Drummond exhausted his administrative appeals to the Bureau of Prisons (see 28 C.F.R. Secs. 301.204, 542.10-.15), then instituted this action seeking to recover the $178.64 he claims is owed him. Drummond used a section 1983 form complaint to file this action, but generally referred to his case in the district court as a mandamus action. The district court dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Drummond's exclusive remedy for lost-time wages is under the provisions of 18 U.S.C. Sec. 4126 and its implementing regulations, the Inmate Accident Compensation plan.
 
 
 4
 We agree with the district court's conclusion that Drummond could not bring this action under 42 U.S.C. Sec. 1983, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), or as a petition for a writ of mandamus. However, we believe Drummond's pro se complaint may be construed as an action under the Administrative Procedure Act (APA) for judicial review of the administrative decision denying his claim. See 5 U.S.C. Secs. 701-706; Thompson v. United States, 492 F.2d 1082, 1084 n.5 (5th Cir. 1974). Cf. United States v. Wilson, 112 S. Ct. 1351, 1355 (1992) (judicial review available for 28 C.F.R. Secs. 542.10-.15 administrative appeals of jail-time credit determination).
 
 
 5
 The APA provides that an "action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. Sec. 703. As defendants Drummond named the "U.S. Attorney General; U.S. Attorney; U.S. Agency; Warden, Peter M. Carlson; L. Else, Safety Manager." He did not name the United States as a party, the Bureau of Prisons, which rendered the final administrative decision, or any other agency by its official title. Although the Bureau of Prisons operates under the authority of the Attorney General, she has delegated to the Board of Directors of Federal Prison Industries the authority to pay compensation to inmates injured during prison employment, and to the Bureau of Prisons the authority to review such payment determinations. See 28 C.F.R. Secs. 0.95 to 0.99. Thus, the Attorney General is not an "appropriate officer" within the meaning of section 703.
 
 
 6
 Because none of the named defendants are officials of the Bureau of Prisons or Federal Prison Industries, Drummond fails to state a claim upon which relief can be granted, and dismissal of his complaint is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). See Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993); Everett v. Franciscan Sisters Healthcare, Inc., 882 F.2d 1383, 1387-89 (8th Cir. 1989) (dismissal proper when only party who could provide relief not sued). See Dicken v. Ashcroft, 972 F.2d 231, 233 (8th Cir. 1992) (court of appeals may affirm district court on any basis supported by record).
 
 
 7
 The judgment is affirmed.