**Burdell McCALL, Appellant,**

v.

**Paul DELO, Appellee.**

No. 94–1910.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Nov. 30, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 19, 1995.

Henry W. Cummings, St. Charles, MO, for appellant.

John W. Simon, Asst. Atty. Gen., Jefferson City, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and REAVLEY,* Senior Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Petitioner, Burdell McCall, appeals the District Court's[1] adoption of the magistrate judge's[2] recommendation that McCall's petition for writ of habeas corpus be denied. McCall contends that the Missouri Board of Probation and Parole violated the *Ex Post Facto* Clause, Art. I, § 10, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution when it denied him parole. For the reasons set forth below, we reject McCall's arguments and affirm the decision of the District Court.

## I.

McCall is currently serving a 35–year sentence, following his conviction in 1978 for manslaughter and first-degree robbery. Those convictions are not at issue here. Rather, McCall challenges the validity of the Board's decision to cancel his February 9, 1992, conditional release date.

The Board refused to grant McCall an immediate release on January 20, 1988. Instead, the Board advised him that he was conditionally scheduled for release on February 9, 1992. That release was specifically conditioned on McCall's maintaining a "continued record of good conduct and an acceptable release plan." Subsequently, on August 8, 1991, the Board revoked this conditional release date because McCall had committed numerous conduct violations, including fighting, possessing dangerous contraband, and creating disturbances.

The Board, according to McCall, reached this decision by relying on the parole statute currently in effect. That statute provides that the Board "may in its discretion" parole an inmate who, in the Board's opinion, "can be released without detriment to the community or himself. . . ." Mo.Rev.Stat. § 217.690. When McCall was originally sentenced, the parole statute stated that the Board "shall" parole an inmate when the statutory preconditions are met. Mo.Rev.

* The Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Hon. Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

2. The Hon. Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

Stat. § 549.261 (repealed). This application of the current statute, according to McCall, violates the *Ex Post Facto* Clause. Additionally, McCall argues that the Board's revocation of his conditional date without a hearing violated his due process rights.

## II.

 An *ex post facto* law is one which is "retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1980) (footnotes omitted). In the case before us, McCall correctly asserts that Section 217.690 was retrospectively applied to him because it was enacted following his conviction and sentence. As our opinion in *Burnside v. White,* 760 F.2d 217 (8th Cir.), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 576, 88 L.Ed.2d 559 (1985), makes abundantly clear, however, McCall is not disadvantaged by that application.

In *Burnside,* another Missouri prisoner asserted that application of Section 217.690 was a violation of the *Ex Post Facto* Clause. The Board had denied the prisoner parole because "to release him would depreciate the seriousness of his offense." *Id.* at 221. We held that the Board would have denied parole under either statute, because the asserted justification precluded a finding that the prisoner could be released "without detriment to the community or to himself." Thus, the prisoner was not disadvantaged by the Board's application of Section 217.690.

Likewise, McCall's parole would have been denied under either statute. The conduct violations relied on by the Board preclude a finding that McCall could be released without detriment to the community or to himself. This is particularly true in view of the fact that the presumptive release date was expressly made conditional on McCall's "good conduct." Thus, McCall is not disadvantaged by the application of Section 217.690.

**3.** McCall argues that when the Board established this presumptive release date, it effectively found that he had met the statutory preconditions for release. The District Court held, and we agree,

 McCall further argues that the Board's revocation of his presumptive parole date [3] without notice and a hearing deprived him of a liberty interest in violation of the Due Process Clause. Having concluded that the application of Section 217.690 does not violate the *Ex Post Facto* Clause, we must also reject this argument. We have consistently held that Section 217.690 "does not create a protected liberty interest in parole." *Maggard v. Wyrick,* 800 F.2d 195, 198 (8th Cir.1986), *cert. denied,* 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987) (citing *Gale v. Moore,* 763 F.2d 341, 343 (8th Cir.1985) (per curiam); *Green v. Black,* 755 F.2d 687, 688 (8th Cir.1985)).

## III.

The District Court correctly held that McCall would not have been granted parole under either Section 217.690 or former Section 549.261 because of his numerous conduct violations. We affirm.

that the Board merely projected McCall's release on this date if he managed to meet the statutory preconditions.