# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1680

_____

Benedict Kemper,
                                              *
                                              *
              Appellant,                      *
                                              *      Appeal from the United States
      v.                                      *      District Court for the Western
                                              *      District of Missouri.
David Dormire, Superintendent,                *
Jefferson City Correctional Center;           *           [UNPUBLISHED]
Cranston Mitchell, Chairman of                *
M.B.P. & P.,                                  *
                                              *
              Appellees.                      *

_____

Submitted:  September 14, 1999
Filed: September 22, 1999

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

      In 1976, Benedict Kemper pleaded guilty to four counts of second degree murder and received four consecutive forty-five year sentences.  At the time, Missouri's parole statute required the Missouri Board of Probation and Parole (MBPP) to parole a prisoner if the MBPP determined "there [was a] reasonable probability that the prisoner [could] be released without detriment to the community or to [the prisoner]."  Mo. Rev. Stat. § 549.261(1) (1969) (repealed 1982).  In 1982, Missouri repealed section 549.261; Missouri's current parole statute permits the MBPP to exercise its discretion

in deciding whether to parole a prisoner after finding the prisoner can be released without detriment to the community or the prisoner. See Mo. Rev. Stat. § 217.690(1) (Supp. 1998). Since Kemper's first parole hearing in 1983, the MBPP has repeatedly denied Kemper parole. In 1996, Kemper brought a petition for writ of habeas corpus under 28 U.S.C. § 2254, claiming the MBPP violated both his liberty interest in parole and the Ex Post Facto Clause by applying section 217.690 at his parole hearings rather than section 549.261. The district court denied Kemper's petition, and Kemper appeals.

Kemper first contends the MBPP violated his constitutionally protected liberty interest in parole by applying section 217.690 instead of section 549.261 at his parole hearings. We disagree. As the district court stated in its order denying Kemper's petition:

> [Even] [a]ssuming application of [section 549.261] to Kemper's parole determination, Kemper does not have a liberty interest in being paroled until all statutory and regulatory [preconditions] are met, including that the MBPP find there is a reasonable probability he can be released without detriment to the community or to himself. Because this finding has never been made by the MBPP, Kemper does not have a vested liberty interest in being paroled.

See Williams v. Missouri Bd. of Probation and Parole, 661 F.2d 697, 698-99 (8th Cir. 1981) (no vested liberty interest in parole under section 549.261 unless statutory criteria are met); Cavallaro v. Groose, 908 S.W.2d 133, 135 (Mo. 1995) (en banc) (prisoner has vested liberty interest in parole under section 549.261 only if statutory preconditions met, but "[t]here can be no liberty interest in parole under [section 217.690]").

Kemper also claims the MBPP's application of section 217.690 violated the Ex Post Facto Clause. Again, we disagree. The MBPP has repeatedly concluded

Kemper's parole "would depreciate the seriousness of the offense committed or promote disrespect for the law." This rationale would have resulted in the denial of Kemper's parole under either section 549.261 or section 217.690, and, thus, the district court properly concluded Kemper was not disadvantaged by the retrospective application of section 217.690 at his parole hearings. See McCall v. Delo, 41 F.3d 1219, 1221 (8th Cir. 1994); Burnside v. White, 760 F.2d 217, 220-23 (8th Cir. 1985).

We do not address Kemper's argument that MBPP members violated Kemper's rights by attending a meeting and press conference held by opponents of Kemper's parole because the district court did not grant a certificate of appealability on that issue. See Ramsey v. Bowersox, 149 F.3d 749, 759 (8th Cir. 1998) (appellate review limited to issues specified in certificate of appealability), cert. denied, 119 S. Ct. 1083 (1999). We also decline to consider Kemper's bare assertion that his equal protection rights were violated because Kemper does not discuss this claim in his brief. See United States v. Brooks, 175 F.3d 605, 606-07 (8th Cir. 1999).

We thus affirm the denial of Kemper's petition for writ of habeas corpus.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.